UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| ESSEX INSURANCE CO., | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3: 09-CV-1196-B |
| | § | |
| MICHAEL CLARK, d/b/a ACE | § | |
| CONSTRUCTION CO., AND AUGUSTIN | § | |
| DELRAZO, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ORDER

Before the Court is Plaintiff Essex Insurance Company's Amended Motion for Summary Judgment ("Motion") (doc. 24). Having considered the Motion and the filings in this case, the Court finds that the Motion should be and hereby is **GRANTED**.

## I.

## BACKGROUND

*A. Underlying Claims*

This is a declaratory judgment action arising out of a personal injury lawsuit filed in Texas state court by Augustin Delrazo ("Delrazo") against Michael Clark ("Clark"), d/b/a Ace Construction Company ("ACC"). On January 18, 2008, Delrazo cut his left hand on a table saw while doing work for ACC. Delrazo's lawsuit alleges that ACE is liable for general negligence, negligence *per se*, gross negligence, and malice:

> A. In failing to properly warn Plaintiff of the hazardous use of the table saw;
> B. In failing to timely inspect the table saw in order to discover any dangerous

condition;
C. In failing to warn Plaintiff a dangerous condition existed, which required extra care to be taken;
D. In failing to provide all appropriate equipment which is trade and/or industry standard and to take other reasonably necessary measures to help ensure that Plaintiff and other workers would not experience any foreseeable injuries on the premises;
E. In failing to place any type of warning or signs on the premises or on any equipment notifying their employees, agents, and workers of a possibly dangerous condition on the premises;
F. In failing to correct the dangerous conditions that existed on the premises before instructing their employees, contractors and/or agents to work on those premises;
G. In failing to take any steps to ensure a safe working environment and/or safe working conditions for Plaintiff;
H. In failing to act as a reasonably prudent person would have done under the same or similar circumstances; and
I. In acting with reckless disregard for the safety and welfare of persons on the premises, including Plaintiff.
J. In violating several OSHA safety regulations.
K. In failing to mitigate damages (including pain and suffering) by immediately calling 911 for emergency assistance after the accident.

(App. to Pl.'s Br. Am. Summ. J. 80).

Delrazo is seeking punitive damages and compensatory damages for past and future pecuniary losses, pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life. (App. to Pl.'s Br. Am. Summ. J. 83-84).

*B. Relevant Policy Provisions*

Essex issued ACC a Comprehensive Commercial General Liability Policy with number 3CW6235 ("CGL Policy") with coverage effective between April 11, 2007 and April 11, 2008. (Pl.'s Br. Am. Summ. J. ¶4). The CGL Policy Form ("Form") states in part that Essex "will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury'...to which this insurance applies." (App. to Pl.'s Br. Am. Summ. J. 26). The Form is subject to several exclusionary endorsements and exclusions.

The endorsements relevant to this case are as follows:

**Combination General Endorsement ME-001 (1/07), Paragraph 6:**

> This insurance does not apply to liability for "Bodily Injury" to:
> (A) an "employee" of any insured arising out of and in the course of employment or while performing duties related to the conduct of an insured's business. . . .Wherever the word "employee" appears above, it shall also mean any member, associate, co-employee, leased worker, temporary worker, union worker, volunteer, or any person or persons loaned to or volunteering services to you."

(App. to Pl.'s Br. Am. Summ. J. 50).

**Combination General Endorsement ME-001 (1/07), Paragraph 10.e:**

> This insurance does not apply to "bodily injury", "property damage", "personal injury", "advertising injury" or any injury, loss, or damages, including consequential injury, loss or damage, arising out of, caused by or contributed to: as a result of alleged negligence or other wrongdoing in the hiring, training, placement, supervision, or monitoring of others by insured[.]

(App. to Pl.'s Br. Am. Summ. J. 51).

**Additional Conditions Endorsement ME-002 (1/07), Subparagraph D ("Subparagraph D"):**

> If contractors or subcontractors are used, it is a condition of coverage that you use only those that are insured, and carry at a minimum Commercial General Liability coverage with limits at least equal to the limits of this policy, name you as an additional insured on their policy and you require and secure certificates of insurance confirming same.  Failure to comply with this condition does not void your coverage, however, limits of liability hereunder will be reduced and apply as a "sublimit" of liability, being a Combined Single Limit, $50,000 each occurrence and in the Aggregate, including loss adjustment expenses and defense.
> The sublimit would be the most payable for all damages arising out of any one occurrence, and the most payable for all claims under this policy, including investigation and defense.  If such sublimits were tendered or exhausted, we would not defend or continue to defend in any suit.
> Further, there is no coverage under this policy for "bodily injury", "personal injury" or "property damage" sustained by any contractor, self-employed contractor, and/or sub-contractor, or any employee, leased worker, temporary worker or volunteer help of same.

(App. to Pl.'s Br. Am. Summ. J. 54)

Essex filed this action for a declaratory judgment on June 25, 2009, seeking a determination that Essex has no duty to defend or indemnify ACC in the underlying suit. (Pl.'s Compl. 1). Delrazo was joined in the action for preclusion and res judicata purposes. (Pl.'s Compl. 1). Essex filed its Motion for Summary Judgment on March 15, 2010. (Pl.'s Am. Mot. Summ. J. 2). Delrazo filed a reply brief on March 24, 2010. (Def.'s Resp. to Pl.'s Am. Mot. Summ. J. 1). Essex responded to Delrazo's reply on April 6, 2010. (Pl.'s Reply to Def.'s Resp. 1). The Motion being ripe, the Court now turns to the merits of its decision.

## II.

## LEGAL STANDARDS

*A. Summary Judgment*

Summary judgment is appropriate where the pleadings and record evidence show no genuine issue of material fact exists and that the movant is entitled to summary judgment as a matter of law. FED. R. CIV. P. 56(c); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Only disputes about material facts preclude a grant of summary judgment, and "the substantive law will identify which facts are material." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

The movant bears the burden of proving no genuine issue of material fact exists. *Latimer v. Smithkline & French Lab.*, 919 F.2d 301, 303 (5th Cir. 1990). Where the non-movant bears the burden of proof at trial, the movant need not support its motion with evidence negating the non-movant's case. Instead, the movant may satisfy its burden by pointing to the absence of evidence to support an essential element of the non-movant's case. *Id*; *Little*, 37 F.3d at 1075.

Once the movant has met its burden, the non-movant must show that summary judgment is not appropriate. *Little*, 37 F.3d at 1075 (citing *Celotex Corp. V. Catrett*, 477 U.S. 317, 325 (1986)).

"This burden is not satisfied with 'some metaphysical doubt as to material facts,' ...by 'conclusory allegations,'...by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Id.* (quoting *Matsushita Elec. Indus. Co. V. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). Instead, the non-moving party must "come forward with 'specific facts showing that there is a *genuine issue for trial.*'" *Matsushita*, 475 U.S. at 587 (emphasis in original) (quoting FED. R. CIV. P. 56(e)). In determining whether a genuine issue exists for trial, the court will view all of the evidence in the light most favorable to the non-movant.

  *B. Duty to Defend*

  In this diversity case, the substantive law of Texas controls the determination of a duty to defend. *Cleere Drilling Co. v. Dominion Exploration & Prod., Inc.*, 351 F.3d 642, 646 (5th Cir. 2003). Texas follows the "eight corners" or "complaint allegation" rule, whereby an insurer's duty to defend is ascertained solely by reference to the factual allegations made in the most recent pleadings of the underlying suit and to the language of the insurance policy itself. *King v. Dallas Fire Ins. Co.*, 85 S.W.3d 185, 187 (Tex. 2002). The factual allegations in the underlying petition are afforded a liberal interpretation and must be taken as true. *Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 528 (5th Cir. 2004); *Nat'l Union Fire Ins. Co. v. Merch. Fast Motor Lines, Inc.*, 939 S.W.2d 139, 141 (Tex. 1997). "If the pleading does not state facts sufficient to bring the case clearly within or without the coverage, the general rule is that the insurer is obligated to defend if *potentially* there is a case under the pleadings within the coverage of the policy." *CU Lloyd's of Texas v. Hatfield*, 126 S.W.3d 679, 682 (Tex. App. [14th Dist.] 2004, pet. denied).

  A party claiming coverage under an insurance policy bears the burden of proving coverage, while the insurer must prove the applicability of a policy exclusion. *Guar. Nat'l Ins. Co. v. Vic Mfg.*

Co., 143 F.3d 192, 193 (5th Cir. 1998). Doubts about the insurer's duty to defend must be resolved in favor of a duty. *King*, 85 S.W.3d at 187.

*C. Duty to Indemnify*

In Texas, the duty to defend and the duty to indemnify are distinct duties. *Farmers Texas County Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 82 (Tex. 1997). The duty to defend is broader than the duty to indemnify. *Am. States Ins. Co. v. Bailey*, 133 F.3d 363, 368 (5th Cir. 1998) (citing *Gulf Chem. & Metallurgical Corp. v. Assoc. Metals & Minerals Corp.*, 1 F.3d 365, 369 (5th Cir. 1993)). Thus, "[l]ogic and common sense dictate that if there is no duty to defend, then there must be no duty to indemnify." *Id.* (citing *W. Heritage Ins. Co. v. River Entm't*, 998 F.2d 311, 315 (5th Cir. 1993)).

### III.

### ANALYSIS

*A. Duty to Defend*

Here, the party claiming coverage is the injured third party, Delrazo.[1] Nonetheless, Delrazo fails to articulate which, if any, of the claims asserted in the underlying action are covered by the policy. Instead, he broadly asserts that his injuries must be covered because the policy issued by Essex is one of general liability. (Def.'s Br. Resp. to Pl.'s Mot. Summ. J. 14). Essex, on the other hand, does not dispute that the accident occurred during the policy period and within the coverage area. (Pl.'s Br. Am. Summ. J. ¶12). Instead, Essex argues that Delrazo's injury triggers a policy

---

[1] Defendant ACC has not responded to this suit. The Court's analysis is unaffected by ACC's absence because the Court's inquiry is limited to an analysis of the four corners of the most recent complaint in the underlying action and the four corners of the insurance policy.

exclusion relieving Essex of the duty to defend. (Pl.'s Br. Am. Summ. J. ¶12). The burden is on Essex to prove that a policy exclusion applies. *Guar. Nat'l Ins. Co.*, 143 F.3d at 193. If Essex successfully proves a policy exclusion applies, the burden then shifts to Delrazo to establish an exception to the exclusion in this case. *Id.*

Essex argues the policy explicitly excludes coverage for liability resulting from "[b]odily [i]njury to...an employee...arising out of and in the course of employment or while performing duties related to the conduct of an insured's business." (App. to Pl.'s Br. Am. Summ. J. 50). There is no genuine issue as to whether Delrazo's injury arose while performing duties related to the conduct of ACC's business. It is undisputed that Delrazo cut his hand on a table saw while working as either an independent contractor or employee of ACC. (Def.'s Br. Resp. to Pl.'s Mot. Summ. J. 11). Even if Delrazo is not defined as an "employee" of ACC, it is undisputed that he was injured by "performing duties related to the conduct of [ACC's] business." (Def.'s Br. Resp. to Pl.'s Mot. Summ. J. 11).

The policy also excludes coverage for any "bodily injury...arising out of, caused by or contributed to...as a result of alleged negligence or other wrongdoing in the hiring, training, placement, supervision, or monitoring of others by insured." (App. to Pl.'s Br. Am. Summ. J. 51). There is no doubt that Delrazo's negligence claims are excluded under this provision. Delrazo seeks to hold ACC liable for, *inter alia,* failing to issue proper warnings about the table saw, failing to inspect the table saw, failing to correct the dangerous conditions created by the table saw, and failing to mitigate damages by calling 911 after Delrazo was injured by the saw. (App. to Pl.'s Br. Am. Summ. J. 80). Each of these claims attempts to hold ACC liable based on negligent "training...supervising, or monitoring of others by [ACC]." (App. to Pl.'s Br. Am. Summ. J. 51).

Essex argues the policy is not intended to cover injuries suffered by workers of any kind. (Pl.'s Br. Am. Mot. Summ. J. 11-12). Delrazo does not raise any material fact indicating an exception to the exclusion applies.

Finally, Subparagraph D states that "there is no coverage under this policy for 'bodily injury' [or] 'personal injury'...sustained by any contractor, self-employed contractor, and/or sub-contractor, or any employee, leased worker, temporary worker or volunteer help of same." (App. to Pl.'s Br. Am. Summ. J. 54). Delrazo attempts to argue that coverage applies because the exclusionary language in Subparagraph D is ambiguous, and ambiguous exclusions are construed in favor of the insured. Whether a contract is ambiguous is a question of law for the court to decide. *Coker v. Coker*, 650 S.W.2d 391, 394 (Tex. 1983). If a contract can be given a certain or definite legal meaning or interpretation, then it is not ambiguous and will be interpreted according to its plain meaning. *Empire Fire and Marine Ins. Co. V. Brantley Trucking, Inc.*, 220 F.3d 679, 681 (5th Cir. 1996). If, however, a contract is susceptible to two or more reasonable interpretations, it is ambiguous and must be strictly construed in favor of the insured to avoid an exclusion of coverage. *Kelley-Coppedge, Inc. V. Highlands Ins. Co.*, 980 S.W.2d 462, 464 (Tex. 1998); *Canutillo Indep. Sch. Dist. V. Nat'l Union Fire Ins. Co.*, 99 F.3d 695, 701(5th Cir. 1996). Construing exclusionary language in favor of the insured only applies where the exclusionary clause is ambiguous. *Balandran v. Safeco Ins. Co. Of Am.*, 972 S.W.2d 738, 740 (Tex. 1998). If the clause is unambiguous, it should be construed according to its plain meaning. *Comsys Info. Tech. Servs., Inc. V. Twin City Fire Ins. Co.*, 130 S.W.3d 181, 193-94 (Tex. App. –Houston [14th Dist.] 2003, pet. granted); *Evergreen Nat'l Indem. Co. V. Tan It All, Inc.*, 111 S.W.3d 669, 676-77 (Tex. App. –Austin 2003, no writ).

Delrazo argues the exclusionary language in Subparagraph D is ambiguous and reasonably

susceptible to multiple interpretations. (Def.'s Br. Resp. to Pl.'s Mot. Summ. J. 20-21). Specifically, Delrazo argues that Subparagraph D is "contradictory" because the first part of the subparagraph requires that the insured "use only those [contractors or subcontractors] that are insured," while also stating that failure to abide by this condition limits, but does not void, coverage. (Def.'s Br. Resp. to Pl.'s Mot. Summ. J. 20-22). The third paragraph of Subparagraph D states that bodily injury, personal injury, or property damage sustained by "any contractor, self-employed contractor, and/or subcontractor, or any employee, leased worker, temporary worker or volunteer help of same" is not covered. (App. to Pl.'s Br. Am. Summ. J. 54). Delrazo argues that Subparagraph D could thus be interpreted either as providing limited coverage for bodily injuries sustained by contractors pursuant to the first paragraph, or as providing no coverage for injuries sustained by contractors or employees pursuant to the third paragraph. The Court disagrees and finds Delrazo's interpretation unreasonable.

There is no language in Subparagraph D suggesting its parts ought to be read separately from one another. Reading the first paragraph to the exclusion of the third renders the third paragraph meaningless and runs contrary to contract interpretation principles under Texas law. *Balandran*, 972 S.W.2d at 741. Essex correctly interprets Subparagraph D to unambiguously bar coverage for bodily and personal injuries sustained by employees or contractors. The first paragraph only refers to contractors or subcontractors "you use," i.e. subcontractors used by Clark. (App. to Pl.'s Br. Am. Summ. J. 54). The third paragraph expands the exclusionary language to bar coverage for bodily or personal injury sustained by "*any* contractor, self-employed contractor, and/or subcontractor, or any employee...of same" (emphasis added). (App. to Pl.'s Br. Am. Summ. J. 54). There is no language supporting Delrazo's argument that the first and third paragraphs should be read as contingent

paragraphs. The Court finds that the expansive third paragraph is clearly intended to supplement, and not serve as an alternative to, the first two paragraphs.

Essex has met its burden of proving that no material fact question exists as to whether coverage for the claims in the underlying action is barred by exclusions to the CGL policy. Delrazo has failed to either raise a genuine issue of material fact as to whether the exclusions apply, or to establish an exception to the exclusions presented by Essex. Consequently, Essex has no duty to defend ACC in the underlying action.

*B. Duty to Indemnify*

Although a judgment has not yet been entered in the underlying action, the Court may still consider whether Essex has a duty to indemnify. "[T]he duty to indemnify is justiciable before the insured's liability is determined in the liability lawsuit when the insurer has no duty to defend *and the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify.*" *Griffin*, 955 S.W.2d at 84 (emphasis in original). Because the facts as developed in the underlying action will not alter the fact that Delrazo's injuries arose out of the scope of his employment with ACC, the Court concludes that Essex has neither a duty to defend nor a duty to indemnify ACC.

## IV.

## CONCLUSION

For the foregoing reasons, Essex's motion for summary judgment is **GRANTED.** The Court declares that, based on the CGL Policy, endorsements, and exclusions, Essex has no duty to defend or indemnify ACC in connection with the claims made by Delrazo in the underlying lawsuit.

SO ORDERED.

OCTOBER 4, 2010.

                                          _____
                                          JANE J. BOYLE
                                          UNITED STATES DISTRICT JUDGE